# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **UNITED STATES OF AMERICA,**  Plaintiff,  vs.  **PAUL WILLIAM DRIGGERS,**  Defendant. | CASE NO: CR06-173-N-EJL  **ORDER** |

Pending before the Court in the above entitled matter is a Motion to Withdraw as Counsel for Defendant Paul William Driggers.  Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record now before the Court. Accordingly, in the interest of avoiding further delay, and because the court conclusively finds that the decisional process would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument.  Local Rule 7.1.

### Discussion

A trial court's decision to release counsel is an exercise of its discretion.  <u>United States v. Williams</u>, 717 F.2d 473  (9th Cir. 1983) (citing <u>Glavin v. United States</u>, 396 F.2d 725, 726 (9th Cir. 1968)).  Local Criminal Rule 44.1(b) states that "[a]n attorney who has appeared for a defendant may thereafter withdraw only upon notice to the defendant and all parties to the case and after order of the

court finding good cause exists and granting leave to withdraw." Pursuant to the local rule, the attorney is required to continue to represent the defendant after an appeal has been taken "until leave to withdraw is granted by [the] court as provided in 18 U.S.C. §3006A" and as provided by the Judicial Counsel of the Ninth Circuit. See Local Criminal Rule 44.1(b).

In determining whether new counsel is warranted the Court should consider: the timeliness of the motion to dismiss counsel and whether the conflict between the Defendant and his counsel was so great that it resulted in a total lack of communication preventing an adequate defense. See United States v. Corona-Garcia, 210 F.3d 973, 976 (9th Cir. 2000); United States v. Mills, 597 F.2d 693, 700 (9th Cir. 1979). As to the timeliness of the motion, the Ninth Circuit has indicated that a motion filed 13 days in advance would generally be timely but where "new counsel probably would have required a continuance due to the complicated nature of the case, this factor only slightly favors [the Defendant]." US v. Smith, 282 F.3d 758, 763 (9th Cir. 2002). In terms of the nature of the conflict, where the defendant's justification arises out of more than "general unreasonableness or manufactured discontent" the Ninth Circuit has upheld denying a request for new counsel. Smith, 282 F.3d at 764 (quoting US v. Walker, 915 F.2d 480, 484 (9th Cir. 1990)).

The Court has reviewed the record and finds as follows. The Defendant is charged with murder for hire and was appointed CJA counsel to represent him in this matter. On two prior occasions the Defendant filed pro se motions for new counsel. The Court held a hearing on January 5, 2007 on those motions at which the Defendant stated he was happy with his appointed counsel and that he was withdrawing his motions for new counsel and was ready to go forward with the trial. The trial was held on January 9, 2007. Following the trial the Court granted the Defendant's motion for a mistrial and has set the matter for a new trial on February 20, 2007. The instant motion for new counsel reflects the Defendant is unhappy with his counsel's representation of the first trial, he is uncomfortable continuing to trial with current counsel, and that counsel and the Defendant have fundamental differences in approach to the trial all of which have left the attorney client relation ship "severely strained." (Dkt. No. 84).

Having thoughtfully and thoroughly considered the record in this case, the history of the

proceedings in this matter, and being fully advised in the premises, the Court denies the motion. (Dkt. No. 84). While the Court recognizes the difficulties expressed in the motion, defense counsel proved herself to be more than competent and thorough in defending this matter at the first trial. In addition, the difficulties between the Defendant and counsel do not represent a total lack of communication preventing an adequate defense. To the contrary, defense counsel's performance in this case and during the trial indicate that counsel is well versed on the factual and legal arguments in this matter. The frustrations expressed by the Defendant in counsel's affidavit do not represent problems which would prevent counsel from providing a proper defense. More importantly, the Court has reset this matter as expeditiously as possible so as to avoid undue delay in retrying the case. To appoint new counsel at this stage, where unnecessary, would simply result in a lengthy and unnecessary continuance of the trial in order to allow new counsel to prepare and perform the same work that able counsel has already undertaken. Were the Court to grant similar motions, defendants may effectively avoid trial or otherwise manipulate the system of justice. Having viewed her performance at the first trial in this case, the Court is confident in the ability of Ms. Moran to present a thorough defense in this matter given the time, funds, and energy already invested in this matter; thus, the Defendant will not be deprived of his right to counsel. Therefore, the Court finds good cause has not been shown upon which the Court will exercise its discretion to allow Ms. Moran to withdraw as counsel in this matter.

## ORDER

**IT IS HEREBY ORDERED** that the motion to withdraw be **DENIED**. The matter remains set for trial on February 20, 2007 in Boise, Idaho.

DATED: **January 29, 2007**

Honorable Edward J. Lodge
U. S. District Judge

