UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO


UNITED STATES OF AMERICA,

            Plaintiff,

     v.

PAUL WILLIAM DRIGGERS,

            Defendant/Petitioner.

            Case No. 2:09-cv-00468-EJL
                 2:06-cr-00173-EJL

            **MEMORANDUM DECISION AND
ORDER**


Before the Court is Defendant/Petitioner Paul Driggers' Motion (Dkt. 1) to Vacate,

Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (supplemented by Motion to

Expunge Fine and Reduce Sentence, Dkt. 3). Also pending are Driggers' Applications

for Hearing (Dkts. 7, 61), Motion to Disqualify Counsel (Dkt. 56), Motions for

Reconsideration (Dkts. 57, 58) of prior orders, Objection to Finding of Mootness and for

other relief (Dkt. 59), and Motion for Release Pending Final Resolution (Dkt. 62). The

government filed a response (Dkt. 12) to Driggers' § 2255 Motion. The Court now

considers and rules on the pending motions as follows.

# PROCEDURAL BACKGROUND

Defendant/Petitioner Driggers was indicted under 18 U.S.C. § 1958 for Use of Interstate Commerce Facilities in the Commission of Murder-for-Hire, on August 8, 2006. (Dkt. 1 in criminal case).[1] The Court appointed Federal Public Defender Kathleen Moran to represent Driggers. (Dkt. 4). A jury trial was conducted January 9-12, 2007, after which the jury reached a verdict of guilty. On January 23, 2007, the Court granted Driggers' oral motion for mistrial based on the jury having received an un-redacted portion of a written transcript, which included material that Driggers argued was prejudicial. (Dkt. 81).

Driggers and Driggers' counsel filed motions for appointment of new counsel, which the Court denied. (Dkts. 86, 91). A second jury trial began on February 20, 2007. (Dkt. 105). At trial, although the Court denied Driggers' request to testify in the narrative, Driggers testified on his own behalf, answering roughly 26 pages of questions Driggers had prepared, and which were posed by his counsel. (Dkt. 146-1 at 1-5). On February 23, 2007, the jury returned a guilty verdict. (Dkt. 113).

Driggers filed a post-trial motion for judgment notwithstanding the verdict, or for a new trial. (Dkt. 116). In that motion, Driggers argued that there was insufficient evidence to support that he had intent to commit murder or that he caused another to travel in interstate commerce, and also that the Court had improperly instructed the jury on elements of the offense. (Dkt. 116). This Court denied the motion. (Dkt. 120).

---

[1] Throughout the Background and Analysis sections of this decision, docket entries refer to those entered in Defendant's criminal matter, Case No. 2:06-cr-00173-EJL, unless otherwise indicated.

Driggers was sentenced on May 22, 2007 to 120 months in prison, followed by three years of supervised release, and a fine of $17,500, plus a special assessment of $100. (Dkt. 126).

Driggers appealed to the Ninth Circuit Court of Appeals. (Dkt. 127). The bases for Driggers' appeal were (1) error in jury instructions regarding elements of the crime, (2) error in denying Driggers' motion for new counsel or to proceed pro se, (3) error in restricting the scope of cross-examination of cooperating witness. (Dkt. 128). On February 18, 2009, the Ninth Circuit issued a published opinion affirming the verdict and ruling against Driggers on all issues. *United States v. Driggers*, 559 F.3d 1021 (9th Cir. 2009); (Dkt. 158-1). In finding that Driggers' trial did not violate his Sixth Amendment rights, the appellate court noted that "[t]he evidence overwhelmingly contradicts Driggers' defense." (Dkt. 158-1 at 8); *United States v. Driggers*, 559 F.3d 1021, 1025 (2009). The appellate court also concluded that instructional error to the jury, if any, was harmless, applying the harmless error analysis in *United States v. Munoz*, 412 F.3d 1043, 1047 (9th Cir. 2005). *See Driggers*, 559 F.3d at 1026-28 (Circuit Judge Rawlinson, in concurrence, expressing doubt as to any error).

Driggers petitioned for certiorari to the Supreme Court. That petition was denied on May 26, 2009.

Driggers filed this Motion under § 2255 on September 16, 2009. The bases for his motion are (1) denial of counsel in violation of the Sixth Amendment due to conflict

between Driggers and his trial counsel, (2) ineffective assistance of counsel at trial, (3) violation of substantive due process through improper arguments by prosecutor at trial, (4) violation of First Amendment rights through prosecution on the basis of "mere words," (5) lack of federal jurisdiction, (6) inappropriate conduct by the government and erroneous rulings by the Court, (7) cumulative error, (8) actual innocence, and in a supplemental motion (9) inaccuracy of trial transcripts.

## ANALYSIS

### 1.    Request for Evidentiary Hearing

Where a petitioner's allegations, "viewed against the record, fail to state a claim for relief," *United States v. McMullen*, 98 F.3d 1155 (9th Cir. 1996)(citations omitted), or where summary dismissal is warranted, the Court may deny an evidentiary hearing. *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985)(citation omitted); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings in the United States District Court. To earn the right to a hearing, a movant "must make specific factual allegations which, if true, would entitle him to relief on his claim." *United States v. Keller*, 902 F.2d 1391, 1395 (9th Cir. 1990).  As more fully expressed below, the Court finds that Driggers has failed to raise allegations sufficient to warrant a hearing on issues before it.  The Court will therefore consider Driggers' motions based upon the record and ample pleadings filed by both Driggers and the government.  Driggers' requests for a hearing (Dkts. 7, 61) will be denied.

**2.      Motion Under § 2255**

**A.      Legal Standard**

A prisoner asserting the right to be released "may move the court which imposed the sentence to vacate, set aside or correct the sentence" under 28 U.S.C. § 2255(a). Section 2255 provides four grounds that justify relief for a federal prisoner who challenges the fact or length of his detention: (1) whether "the sentence was imposed in violation of the constitution or laws of the United States;" (2) whether the court was without jurisdiction to impose such sentence; (3) whether the sentence was "in excess of the maximum authorized by law;" or (4) whether the sentence is "otherwise subject to collateral attack." *See Hill v. United States*, 368 U.S. 424, 428 (1962).  Despite this seemingly broad language, "the range of claims which may be raised in a § 2255 motion is narrow."  *United States v. Wilcox*, 640 F.2d 970, 972 (9th Cir. 1981).

There is a distinction between constitutional and jurisdictional errors, and errors of law or fact. Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 593 (2d ed. 1982).  If the alleged error is one of law or fact, then § 2255 does not provide a basis for collateral attack "unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'"  *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (citing *Hill*, 368 U.S. at 428).

Section 2255 is not a substitute for appeal.  *Addonizio*, 442 U.S. at 184.  "Errors of law which might require reversal of a conviction or sentence on appeal do not necessarily

provide a basis for relief under § 2255." *United States v. Wilcox*, 640 F.2d 970, 973 (9th Cir. 1981). Also, "when a matter has been decided adversely on appeal from a conviction, it cannot be litigated again on a 2255 motion." *Odom v. United States*, 455 F.2d 159, 160 (9th Cir. 1972)(citations omitted).

### B.    Driggers' Grounds for Relief

#### (1)    *Violation of right to counsel*

Driggers contends that his Sixth Amendment right to counsel was violated based on his irreconcilable conflict with his court appointed attorney. Driggers raised this issue on appeal; the Court of Appeals concluded that this Court did not abuse its discretion in denying Driggers' motion to appoint new counsel, and that this Court conducted an adequate inquiry of the issue. The Court of Appeals further concluded that the conflict between Driggers and his counsel did not result in a total lack of communication, citing *United States v. George*, 85 F.3d 1433, 1438-39 (9th Cir. 1996). (Dkt. 158 at 1-2). Because this issue has already been addressed on appeal, Driggers is precluded from re-litigating the issue here. *United States v. Egger*, 509 F.2d 745, 748 (9th Cir. 1975).

#### (2)    *Ineffective assistance of counsel*

Driggers also asserts ineffective assistance of counsel as a basis to vacate his sentence. Such a claim is grounds for habeas relief, and need not be raised on direct appeal in order to preserve the issue for collateral attack. *United States v. Withers*, 638 F.3d 1055, 1066 (9th Cir. 2011) (citing *Massaro v. United States*, 538 U.S. 500, 505 (2003)).

Driggers has the burden of proving ineffective assistance of counsel, by showing (1) that counsel performed so deficiently as to fall below an objective standard of reasonableness; and (2) prejudice – that but for counsel's deficiencies, the outcome would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-694 (1984). In evaluating counsel's performance, there is a strong presumption favoring a finding of effectiveness. *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986)(citation omitted). A difference of opinion as to trial tactics will not satisfy a finding of ineffectiveness. *United States v. Mayo*, 646 F.2d 369, 375 (9th Cir. 1981). Regarding prejudice, the court considers "the totality of the evidence . . . and presume[s] that the judge or jury acted according to law." *Strickland*, 466 U.S. at 695.

> a. *Failure to put on defense of mental instability and inability to form criminal intent*

According to Driggers, his counsel failed to investigate and put on evidence of his mental instability, which Driggers argues would have shown that he was unable to form the intent to commit the crime for which he was found guilty. In support, Driggers presents numerous psychiatric records from between 1998 and 2004. (Exs. 700-727, Dkts. 164-5, 164-6). However, the crime for which Driggers was convicted was committed in 2006; according to the records provided by Driggers, notes dated in 2003 indicate that he is mentally stable. Also, Driggers reported to his probation officer, for purposes of his Pre-Sentence Report, that he has had no mental health issues since 1997. (Pre-Sentence Rept., Dkt. 24-2 in civil case at 25). Driggers did not challenge this aspect of the report. (Objection, Dkt. 122).

In light of the strong presumption in favor of finding effectiveness, and given the lack of evidence showing that counsel was deficient in investigating or failing to put on a mental health defense, the Court finds that Driggers has failed to meet his burden of demonstrating ineffective assistance of counsel on this aspect of his defense.

b. *Failure to call key witnesses*

Driggers argues that his counsel failed to interview and call key witnesses, including character witnesses. Despite numerous declarations supporting his character, Driggers has not shown prejudice caused by counsel's failure to call these witnesses to testify. The Court of Appeals, in rejecting Driggers' appeal, noted the overwhelming evidence of his guilt. Dkt. 158-1 at 8. Because Driggers cannot establish prejudice, his ineffective assistance of counsel argument fails with respect to his counsel's failure to call character witnesses on his behalf at trial.

Driggers further contends that his counsel failed to call fact witness Craig McCann, who could have testified that he introduced Driggers to Matthew Robinson (the man hired to commit the murder-for-hire), but not for any criminal purpose. The Court finds that this testimony, even if it had been introduced, is not reasonably likely to have made a difference in the outcome of Driggers' case. The pre-sentence investigation report suggests evidence that could have undermined McCann's credibility. (Pre-Sentence Rept., Dkt. 24-2 at 11.) Even if McCann's testimony had been presented without challenge, Driggers has failed to show that it would have overcome the vast evidence

against Driggers at trial. The Court thus concludes that Driggers has failed to establish prejudice from counsel's failure to call McCann to testify on Driggers' behalf.

According to Driggers, his trial counsel also failed to call witnesses Carolyn Jenke and Clayton Anderson, who could have testified that he loved and cared about his ex-wife. Again, information in the pre-sentence report supports that Driggers attempted to influence Jenke's testimony by contradicting a prior statement to police. (Pre-Sentence Rept., Dkt. 24-2 at 11-12). Given Jenke's potential impeachability, Driggers can show neither deficiency of counsel, nor prejudice, in deciding not to call Jenke to testify at trial. With respect to Clayton Anderson, Driggers cites a letter by Anderson revealing that Driggers had a number of hurdles to regaining custody. (Driggers' Ex. 13, Dkt. 164-6 at 33-34). The letter fails to show that counsel's decision not to call Anderson as a witness was in error, or otherwise prejudicial.

c. *Failure to object or properly defend regarding tape-recorded conversations with Robinson*

The government introduced several tape-recordings and transcripts of conversations between Driggers and Robinson, in which the two discussed the plan to murder Driggers' ex-wife. (Trial Exs. 5, 5A, 6, 6A, B, C, 7, 7A). Driggers argues that his counsel failed to properly object to the exhibits' admission, or otherwise failed to present adequate evidence of the context of those exhibits, to show that Driggers lacked intent to commit murder-for-hire. (Driggers' Motion, Dkt. 164 at 21-22). Regarding counsel's non-objection to admission of the recordings and transcripts, the Court finds that the prosecution properly laid foundation for admission of the exhibits, through Robinson's

testimony at trial. (Trans. at 221-24, 227-29, 236-37; Dkts. 14-3 at 4-7, 10-12, 19-20 in civil case). Driggers' counsel's non-objection was neither deficient nor prejudicial. As to counsel's failure to present evidence regarding the context of Driggers' recorded conversations with Robinson, the Court notes that counsel did pursue the "context" defense, which the appellate court reviewed and rejected as being contradicted "overwhelmingly" by the evidence. *Driggers*, 559 F.3d at 1025.

### d. Mishandling of other aspects of defense

Driggers argues that his counsel was ineffective in failing to convince the jury that the $1,000 he deposited in Robinson's bank account was a gift rather than payment for the murder-for-hire scheme. (Motion at 21). In addition, Driggers argues that counsel failed to effectively challenge that Driggers' use of the term "green light" was a "verbal act" under the law. First, the government did not argue at trial that Driggers' use of the phrase "green light" was a verbal act; instead, the government asserted that Driggers' words were evidence of intent for Robinson to proceed with the murder-for-hire scheme. Also, given that Driggers testified on his behalf, and that his testimony addressed the bank deposit and what he meant by saying "green light," (Trans. at 358-59, 365-67; Dkt. 146-1 at 33-34, 40-42), the Court rejects Driggers arguments that counsel's performance prejudiced him. The Court therefore rejects this argument for ineffective assistance of counsel.

e. *Failure to argue entrapment*

According to Driggers, his counsel erred by failing to argue entrapment, or to request a jury instruction regarding entrapment. For an entrapment defense to succeed, it must be that the government induced the crime, and that the defendant lacked a predisposition to engage in the illegal conduct. *Mathews v. United States*, 485 U.S. 58, 63 (1988) (other citations omitted). Where, as here, a private citizen later becomes a government informant, a defense of entrapment fails. *United States v. Brandon*, 633 F.2d 773, 777-78 (9th Cir. 1980). In this case, Robinson was not working for the government when Driggers approached him for the murder-for-hire scheme. Also, the evidence – including Driggers' own testimony – supported that Driggers was predisposed to commit the crime. (Trans. 366-67). Driggers' argument regarding entrapment also fails.

For these reasons, Driggers has failed to demonstrate ineffective assistance of his counsel at trial, as a basis to vacate his sentence.

### (3)    Denial of Substantive Due Process

Driggers contends that the government violated his right to substantive due process through improper use of evidence to show Driggers' intent and guilt. According to Driggers, the prosecution's misconduct included (1) misconstruing evidence that Driggers got Robinson's telephone number from McCann, (2) improperly using Robinson's testimony about unrecorded statements by Driggers, and (3) making improper arguments

about Driggers' deposit to Robinson's bank account and Driggers' "green light" statement. (Motion at 51-52).

For a substantive due process claim to be cognizable, the alleged official misconduct must "violate[ ] fundamental fairness and [be] 'shocking to the universal sense of justice.'" *Hiivala v. Wood*, 195 F.3d 1098, 1104 (9th Cir. 1999) (citing *Kinsella v. United States*, 361 U.S. 234, 246 (1960)).  Here, the prosecution's arguments and use of evidence at trial, about which Driggers complains, are all within the realm of proper conduct.  Robinson's testimony about Driggers' unrecorded statements were admissible as admissions by a party-opponent under Federal Rule of Evidence 801(a), (d)(2). Driggers corroborated these unrecorded statements with subsequent conduct, and statements that were recorded.  (Trans. at 219, Dkt. 14-3 at 2 in civil case; Trans. at 287-88, Dkt. 15-2 at 10-11 in civil case; Trial Exs. 5A, 6A, 7A).

The prosecution's arguments as to the meaning of Driggers' statements were proper under Federal Rule of Evidence 801(d)(2).  Evidence of Driggers' association with McCann – a convicted felon – used by the prosecution, was relevant and proper under Federal Rule of Evidence 402.  And the prosecution's argument that Driggers' $1,000 deposit to Robinson's account was connected to the murder-for-hire scheme was also proper given the evidence, including Driggers' own testimony.  The same can be said of the prosecution's argument that Driggers' "green light" reference to Robinson was intended as a go-ahead to murder his ex-wife.  That Driggers had alternative arguments

does not support that the prosecution's arguments were unfair, that they shocked the conscience, or that they otherwise violated Driggers' right to substantive due process.

The Court will therefore deny Driggers' motion based on alleged violation of his substantive due process rights.

### (4)    *First Amendment rights to free speech and association*

According to Driggers, the government violated his First Amendment rights by prosecuting him for mere words, unsupported by other evidence.  As with Driggers' substantive due process argument, it is clear that Driggers' theory of his case contrasted – and contrasts – with the prosecution's theory of the case.  But this distinction, with nothing more, fails to support a constitutional violation.  There is no basis for a claim that Driggers was prosecuted *for* his speech.  Rather, Driggers was prosecuted for the crime of murder-for-hire, which was supported by a great deal of evidence which included statements made by Driggers.

The Ninth Circuit has held that "speech that aids or abets criminal activity can be prohibited."  *United States v. Schiff*, 379 F.3d 621, 626 (9th Cir. 2004) (citation omitted).  Also, "[t]he first amendment does not provide a defense to a criminal charge simply because the actor uses words to carry out his illegal purpose."  *United States v. Barnett*, 667 F.2d 835, 842 (9th Cir. 1982).  The appellate court found that the evidence, including but not limited to Driggers' statements, "overwhelmingly contradict[ed] Driggers' defense."  *Driggers*, 559 F.3d at 1025.  Accordingly, Driggers has failed to make a valid First Amendment argument.

### (5)   *Federal jurisdiction*

Although Driggers contends that this Court lacked jurisdiction to hear his case, his arguments simply reiterate challenges to the sufficiency of evidence supporting the crime with which he was charged.  As discussed above, Driggers raised a sufficiency of evidence argument on appeal.  The appellate court rejected the argument; Driggers cannot now re-litigate the issue under § 2255.  *Odom*, 455 F.2d at 160.

### (6)   *District judge's rulings at trial*

Driggers challenges as unconstitutional, the rulings by this Court on motions and objections raised at and before trial.  The appellate court considered whether this Court abused its discretion in restricting Driggers' cross-examination of Robinson, erred in the jury instruction regarding Driggers' intent, or erred in denying Driggers' requests to conduct his own direct examination and to represent himself for purposes of presenting his defense.  On each of these issues, the appellate court found no error or abuse of discretion.  Driggers is precluded from re-litigating these issues under *Odom*.

As to Driggers' argument that the Court impermissibly restricted the defenses he could present, the record shows otherwise.  This Court made clear to Driggers that nothing prevented him from testifying about anything relevant and admissible.  (Trans., Dkt. 146-1 at 2-3).  Also, the Court permitted Driggers to compose a list of the questions he wanted to answer at trial, and which Driggers' counsel then asked of him on direct examination.  (Id., Dkt. 146-1 at 1-5).  The Court therefore finds that Driggers has not

demonstrated a violation of substantive due process, or other impropriety in the Court's rulings at or before trial.

Regarding alleged improper admission of evidence under Federal Rules of Evidence 403 and 404, the Court again finds no basis to vacate Driggers' sentence. The evidence at issue has largely been addressed in this Court's discussion above, of Driggers' arguments concerning ineffective assistance of trial counsel, and improper conduct by the prosecution. Driggers also argues that this Court improperly admitted evidence of Driggers' conversation with Robinson about molestation allegations against him, and a statement in which Driggers references Hitler. These precise issues were not addressed by the appellate court.

Where a defendant fails to raise claims on direct review, those claims are procedurally defaulted unless he can demonstrate cause for and prejudice from the procedural default, or actual innocence. *United States v. Ratigan*, 351 F.3d 957, 962 (2003)(citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). As discussed below, Driggers has not raised any argument or allegation to support actual innocence. The court finds that Driggers has also failed to show cause and prejudice from his failure to challenge the admission of statements about molestation allegations, and referencing Hitler. At trial, this Court specifically limited admission of Driggers' statements to those concerning his motive or intent to commit the crime charged, to satisfy Rule 404(b). Specifically, this Court said, "[t]he relevance and the reason it would be admitted is just

the fact that these charges were made, and, as I understand it, the children were removed from the home, and that is what the defendant says in his statements to the confidential informant or others, that he is upset about the fact this children had been removed. That is the motive or intent allegedly for a crime of this nature." (Trans., Dkt. 164-6 at 29-30; see also Trans., Dkt. 145-1 at 2).

The statements admitted at trial – both regarding molestation allegations and in reference to Hitler – pertained to Driggers' concern regarding custody of his children, which therefore related to Driggers' motive . The Court's rulings thus fell squarely within Rule 404(b), and Driggers cannot demonstrate prejudice from having failed to raise the issue at trial or on appeal.

### (7)     *Cumulative error*

Driggers argues that the sum of errors by the Court and improper tactics by the prosecution had a negative cumulative impact, amounting to a miscarriage of justice. (Motion at 82). The Ninth Circuit has found that, "although no single trial error examined in isolation is sufficiently prejudicial to warrant reversal, the cumulative effect of multiple errors may still prejudice a defendant." *Mancuso v. Olivarez*, 292 F.3d 939, 957 (9th Cir. 2002) (citation omitted). But where there is no constitutional error, there can be no accumulation to a constitutional violation. *See Fuller v. Roe*, 182 F.3d 699, 704 (9th Cir. 1999) (overruled on other grounds by *Shack v. McDaniel*, 529 U.S. 473 (2000)). Here, Driggers has shown no constitutional error. The Court thus finds that, even if Driggers could show multiple errors, he has not demonstrated a constitutional violation.

**(8)** *Actual innocence*

Driggers alleges that he is innocent of the crime for which he was convicted. (Motion at 67-69). The Ninth Circuit has said that "[t]o establish actual innocence, [defendant] must now demonstrate in light of all the evidence, including new evidence that might be introduced by both sides, that 'it is more likely than not that no reasonable juror would have convicted him.'" *Ratigan*, 351 F.3d at 965 (citations omitted). Driggers has introduced no new evidence or argument, and cites no basis from his trial or otherwise, to support that he is in fact innocent. Accordingly, the Court finds that Driggers has failed to state a valid claim of actual innocence.

**(9)** *Alteration of records, disqualification of state's attorney, and ineffectiveness of appellate counsel*

Driggers seeks to disqualify the Assistant United States Attorney Lynne Lamprecht on the basis that she improperly failed to inform the Court that significant portions of the trial transcript were falsified or altered. (Motion, Dkt. 56). According to Driggers, AUSA Lamprecht will likely be called to testify as a witness on this issue, and should thus be removed from the case. The courts will not disqualify a government attorney on the mere basis of alleged potential civil litigation. *United States v. Wencke*, 604 F.2d 607, 611 (9th Cir. 1979). In *Wencke*, the defendant sought to disqualify AUSA Lipman, alleging that Lipman concealed and deleted evidence. *Id.* at 610-11. Finding no credible evidence of impropriety or bad faith, the court there denied the defendant's request. *Id.*

Driggers contends that AUSA Lamprecht was informed that significant portions of the trial transcript had been altered or were in error. (Motion, Dkt. 56 at 4). Driggers also asserts that his appellate counsel was ineffective by not requesting en banc review of the alteration of trial transcripts issue. The Court first addresses the allegation that trial transcripts were altered.

Driggers argues in a supplement to his motion (Dkt. 8 in civil case), that on review of the Ninth Circuit's opinion from his appeal – which includes references to the record of his trial – he believes someone has "criminally falsified the trial records (transcriptions)." (Motion, Dkt. 8 in civil case). Driggers attaches what he declares are true and accurate portions of the trial transcripts, based on his own knowledge and memory. (Dkt. 7 in civil case).

Based on those attachments, when compared to the certified trial transcripts, the Court finds no discrepancy. It appears that one of Driggers' concerns was the appellate court's use of a bracketed phrase as a contextual explanation. (Trans., Dkt. 17-2 in civil case at 4)(appellate court inserted "[child custody]" before "problem" to clarify the problem being referenced; testimony leading up to that testimony reveals that the problem discussed is indeed one concerning child custody). The Court finds that Driggers has not stated a valid claim that there was an alteration in the trial transcript.

The other concerns identified by Driggers are with the appellate court's interpretation of his testimony. Again, Driggers has not identified actual discrepancies between the trial transcript and his memory of what was said at trial. Instead, Driggers'

arguments simply show that he disagrees with the appellate court's analysis of his testimony. The Court again finds no valid claim of error or alteration to the transcript.

Accordingly, the Court finds no credible evidence of impropriety by AUSA Lamprecht, and no ineffectiveness by appellate counsel in not seeking en banc review of the issue. Driggers' motions on these issues will be denied.

### C.     Expungement of Fine and Reduction of Sentence

In a supplement to his Motion to Vacate Sentence, Driggers requests expungement of the fine imposed on him at sentencing, as well as the length of his sentence. (Motion, Dkt. 3 in civil case). Driggers' basis for the motion is § 2255. Claims seeking relief other than release from custody cannot be brought under § 2255. *United States v. Thiele*, 314 F.3d 399, 402 (2002) (holding that a defendant cannot collaterally attack his restitution order in a § 2255 motion). Also, a request to reduce the length of a sentence imposed within the statutory limits, as was Driggers' here, is not cognizable under § 2255. *See United States v. Fernandez*, 941 F.2d 1488, 1494 (11th Cir. 1991). The Court will therefore deny Driggers' Motion (Dkt. 3 in civil case).

### 3.     Motions for Reconsideration

Driggers seeks reconsideration of the Court's orders on a Motion to Transfer Case, and a Motion for Judicial Notice. (Orders, Dkts. 52, 55 in civil case). The Ninth Circuit has identified three reasons sufficient to warrant a court's reconsideration of a prior order: (1) an intervening change in controlling law; (2) the discovery of new evidence not

previously available; and (3) the need to correct clear or manifest error in law or fact, to prevent manifest injustice. *School Dist. No. 1J, Multnomah County, OR v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Upon demonstration of one of these grounds, the movant must then come forward with "facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Donaldson v. Liberty Mut. Ins. Co.*, 947 F.Supp. 429, 430 (D.Haw. 1996). Here, Driggers appears to raise only the third ground – the need to correct clear error.

Regarding the Court's order denying transfer of his case, Driggers argues that the Court clearly did not read the entirety of his motion. The Court here clarifies that it has reviewed the entirety of Driggers' motions in this case. Driggers has not shown any error in the Court's decision and order denying his request to transfer his case to a district of his choice. Having failed to identify clear error in the Court's denial of his request to transfer the case, Driggers' motion to reconsider will be denied.

As to the Court's order regarding judicial notice, the Court again finds no clear error. As indicated in the Court's order finding Driggers' motion for judicial notice, the legal standard to be applied in Driggers' § 2255 motion is discussed herein; to the extent that Driggers sought a prior determination of the applicable standard, such request was properly denied as moot. Driggers having failed to demonstrate clear error, this motion to reconsider will also be denied.

**4.      Motion for Release Pending Final Disposition**

Issuance of this Memorandum Decision and Order is a final disposition of the matter.  Accordingly, the Court will deny Driggers' Motion for Release as moot.

## ORDER

**IT IS ORDERED THAT:**

1.   Defendant's Motion to Vacate or for Reduction in Sentence (Dkt. 1)[1](Dkt.552 in criminal case) is **DENIED**.

2.  Defendant's Motion to Expunge Fine and Reduce Sentence (Dkt. 3) is **DENIED**.

3.  Defendant's Applications for a Hearing (Dkts. 7, 61) are **DENIED**.

4.  Defendant's Motion to Disqualify Counsel (Dkt. 56) is **DENIED**.

5.  Defendant's Motion (Dkt. 57) for Reconsideration of the Court's Order (Dkt. 52) on Motion to Transfer Case is **DENIED**.

6.  Defendant's Motion (Dkt. 58) for Reconsideration of the Court's Order (Dkt. 55) Denying Motion for Judicial Notice is **DENIED**.

7.  Defendant's Motion for Release Pending Final Resolution (Dkt. 62) is **DENIED** as **MOOT**.

DATED:  October 24, 2011

Honorable Edward J. Lodge
U. S. District Judge

---

[1] Unless otherwise indicated, references to the docket in this Order section are to the civil case.